# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 21-05254-JAK (DFM) | Date: | July 28, 2021 |
|---|---|---|---|
| Title | Immanuel Jose Mesa v. United States of America | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Court Reporter |
| Deputy Clerk | Not Present |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

| Proceedings: | (IN CHAMBERS) Order to Show Cause re Habeas Petition |
|---|---|

In 2014, Petitioner Immanuel Jose Mesa pled guilty to one count of importation of methamphetamine. See United States of America v. Immanuel Mesa, Case No. 13-03454, Dkt. 29 (Jan. 21, 2014). Petitioner received a sentence of 57 months, to be followed by 5 years of supervised release. Id., Dkt. 42 (June 11, 2014). In 2021, the District Judge found Petitioner in violation of the terms and conditions of his supervised release, revoked his supervised release, and imposed an 8-month term of imprisonment with no supervision to follow. See United States of America v. Immanuel Mesa, Case No. 20-00275, Dkt. 24 (June 14, 2021). A few days later, Petitioner filed a notice of appeal. See id., Dkt. 25 (June 17, 2021). Petitioner's appeal is currently pending before the Ninth Circuit Court of Appeals. See United States of America v. Immanuel Mesa, Case No. 21-50148 (9th Cir. 2021).

On June 25, 2021, Petitioner filed the instant Petition for Writ of Habeas Corpus by a Person In Federal Custody pursuant to 28 U.S.C. § 2241. See Dkt. 1. Petitioner challenges his revocation proceedings, arguing that (1) his attorney was ineffective in his representation and (2) the District Judge imposed a sentence greater than the maximum permitted by law. See id. 5-6. Because Petitioner challenges his sentence, and seeks release, the appropriate avenue for relief appears to be § 2255 rather than § 2241. "Section 2255 allows a federal prisoner claiming that his sentence was imposed 'in violation of the Constitution or laws of the United States' to 'move the court which imposed the sentence to vacate, set aside or correct the sentence.'" Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008) (quoting 28 U.S.C. § 2255(a)).

An exception to the general rule, termed the § 2255(e) "escape hatch," permits a federal prisoner to "file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000) (per curiam) (quoting § 2255(e)).

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

The Ninth Circuit has held that a remedy under § 2255 is inadequate where "the prisoner '(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" <u>Marrero v. Ives</u>, 682 F.3d 1190, 1192 (9th Cir. 2012).

**Accordingly, Petitioner is ORDERED TO SHOW CAUSE within twenty-one (21) days why the Petition should not be dismissed as improperly brought under § 2241. Petitioner should demonstrate how he satisfies the mandates of the "escape hatch." Alternatively, Petitioner may request voluntarily dismissal of the Petition. He should then file a § 2255 petition directly with the sentencing court. Petitioner is warned that his failure to timely respond to this order may result in dismissal for failure to prosecute. <u>See</u> Fed. R. Civ. P. 41(b).**